No. 23-13368

## In the United States Court of Appeals for the Eleventh Circuit

THE STATE OF GEORGIA

*Plaintiff-Appellee,*

*versus*

JEFFREY BOSSERT CLARK,

*Defendant-Appellant*

On Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division,
No. 1:23-v-3721-SCJ

## MOTION TO SUPPLEMENT THE MOTION FOR STAY PENDING APPEAL WITH NEW EXHIBITS

<table>
<tr><td>

**CALDWELL, CARLSON,
ELLIOTT & DELOACH, LLP**

Harry W. MacDougald
Ga. Bar No. 463076
Two Ravinia Drive, Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com
*Attorneys for Jeffrey B. Clark*

</td><td>

**BERNARD & JOHNSON, LLC**

Catherine S. Bernard
Ga. Bar No. 505124
5 Dunwoody Park, Suite 100
Atlanta, Georgia 30338
Direct phone: 404.432.8410
catherine@justice.law

</td></tr>
</table>

## CERTIFICATE OF INTERESTED PARTIES AND
## CORPORATE DISLOSURE STATEMENT

To the best of Appellant's knowledge, no associations of persons, partnerships, or corporations have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock.

The following is a list, in alphabetical order, of all trial judges, attorneys, law firms, and persons with an interest in this appeal by virtue of their appearance in the underlying criminal matter in Fulton Suprerior Court:

1. Alksne, Cynthia, amicus below

2. Anulewicz, Christopher Scott, attorney for Robert David Cheeley

3. Arora, Manubir, attorney for Kenneth John Chesebro

4. Aul, Francis, attorney for Mark R. Meadows

5. Ayer, Donald B., amicus below

6. Barron, Lynsey M., attorney for Scott Graham Hall

7. Beckermann, Wayne R., attorney for Robert David Cheeley

8. Bernard, Catherine S., attorney for Defendant Jeffrey B. Clark

9. Bever, Thomas Dean, attorney for Shawn Micah Tresher Still

10. Bittman, Robert, attorney for Mark R. Meadows

11. Bondurant Mixson & Elmore LLP

12. Carr, Christopher M., Attorney General of the State of Georgia

13. Cheeley, Robert David, Defendant in Georgia v. Trump

14. Chemerinsky, Erwin, amicus below

15. Chesebro, Kenneth John, Defendant in Georgia v. Trump

16. Christenson, David Andrew, pro se, denied intervention below

17. Clark, Jeffrey Bossert, Defendant in Georgia v. Trump

18. Cohen, Darryl B., attorney for Trevian C. Kutti

19. Copeland, Amy, amicus below

20. Cromwell, William Grant, attorney for Cathleen Alston Latham

21. Cross, Anna Green, Fulton County District Attorney's Office

22. Cross Kincaid LLC

23. Durham, James D., attorney for Mark R. Meadows in Georgia v. Trump

24. Eastman, John Charles, Defendant in Georgia v. Trump

25. Ellis, Jenna Lynn, Defendant in Georgia v. Trump

26. Englert, Joseph Matthew, attorney for Mark R. Meadows

27. Farmer, John J. Jr., amicus below

28. Floyd, Harrison William Prescott, Defendant in Georgia v. Trump

29. Floyd, John Earl, Fulton County District Attorney's Office

30. Francisco, Michael Lee, attorney for Mark R. Meadows

31. Fried, Charles A., amicus below

32. Fulton County District Attorney's Office

33. Gerson, Stuart M., amicus below

34. Gillen, Craig A., attorney for David James Shafer

35. Giuliani, Rudolph William Louis, Defendant in Georgia v. Trump

36. Griffin Durham Tanner & Clarkson LLC

37. Grohovsky, Julie, amicus below

38. Grubman, Scott R., attorney for Kenneth John Chesebro

39. Hall, Scott Graham, Defendant in Georgia v. Trump

40. Hampton, Misty (a/k/a Emily Misty Hayes), Defendant in Georgia v. Trump

41. Harding, Todd A., attorney for Harrison William Prescott Floyd

42. Hogue, Franklin James, attorney for Jenna Lynn Ellis

43. Hogue, Laura Diane, attorney for Jenna Lynn Ellis

44. Jones, Steve C., U.S. District Court Judge for the Northern District of Georgia

45. Kammer, Brian S., attorney for amici below

46. Kelley, Emily E., attorney for Mark R. Meadows

47. Kutti, Trevian C., Defendant in Georgia v. Trump

48. Lake, Anthony C., attorney for David James Shafer

49. Latham, Cathleen Alston, Defendant in Georgia v. Trump

50. Lee, Stephen Cliffgard, Defendant in Georgia v. Trump

51. Little, Jennifer L., attorney for Donald J. Trump

52. Luttig, J. Michael, amicus below

53. MacDougald, Harry W., attorney for Jeffrey B. Clark

54. McAfee, Scott, Fulton County Superior Court Judge

55. McFerren, William Coleman, attorney for Shawn Micah Tresher Still

56. McGuireWoods, LLP

57. Meyer, Joseph Michael, attorney for amici below

58. Moran, John S., attorney for Mark R. Meadows

59. Morgan, John Thomas III, attorney for amici below

60. Morris, Bruce H., attorney for Ray Stallings Smith, III

61. Ney, Adam, Fulton County District Attorney's Office

62. Novay, Kristen Wright, attorney for Ray Stallings Smith, III

63. Palmer, Amanda, attorney for Ray Stallings Smith, III

64. Parker, Wilmer, attorney for John Charles Eastman

65. Pierson, Holly Anne, attorney for David James Shafer

66. Powell, Sidney Katherine, Defendant in Georgia v. Trump

67. Rafferty, Brian T., attorney for Sidney Katherine Powell

68. Ragas, Arnold M., attorney for Harrison William Prescott Floyd

69. Raul, Alan Charles, amicus below

70. Rice, Richard A., Jr., attorney for Robert David Cheeley

71.     Roman, Michael A., Defendant in Georgia v. Trump

72.     Rood, Grant H., Fulton County District Attorney's Office

73.     Sadow, Steven H., attorney for Donald J. Trump

74.     Saldana, Sarah R., amicus below

75.     Samuel, Donald Franklin, attorney for Ray Stallings Smith, III

76.     Shafer, David James, Defendant in Georgia v. Trump

77.     Smith, Ray Stallings, III, Defendant in Georgia v. Trump

78.     Still, Shawn Micah Tresher, Defendant in Georgia v. Trump

79.     Terwilliger, George J., III, attorney for Mark R. Meadows

80.     Trump, Donald J., Defendant in Georgia v. Trump

81.     Twardy, Stanley A. Jr., amicus below

82.     Volchok, Daniel, attorney for amici below

83.     Wade, Nathan J., Fulton County District Attorney's Office

84.     Wade & Campbell Firm

85.     Wakeford, Francis McDonald IV, Fulton County District Attorney's Office

86.     Waxman, Seth P., attorney for amici below

87.     Weld, William F., amicus below

88.     Wertheimer, Fred, attorney for amici below

89.     Willis, Fani T., Fulton County District Attorney's Office

90.     Wilmer Cutler Pickering Hale and Dorr LLP

91.   Wooten, John William, Fulton County District Attorney's Office

92.   Wu, Shan, amicus below

93.   Young, Daysha D'Anya, Fulton County District Attorney's Office

Defendant-Appellant Jeffrey Clark hereby submits this Motion to Supplement the Motion to Stay Pending Appeal with New Exhibits.

Briefing on Appellant Clark's Motion for Stay Pending Appeal was completed on November 13, 2023. *See* Eleventh Circuit Dkt. # 16-2. Since that time, two relevant events in related litigation involving President Trump have occurred: **(1)** President Trump's motion for a stay pending appeal concerning whether he is presidentially immune from the federal criminal case against him in the U.S. District Court for the District of Columbia has been granted by Judge Chutkan, *see* Exhibit 1; **(2)** Special Counsel Smith has filed a petition for certiorari before judgment in the U.S. Supreme Court to skip over adjudication of President Trump's appeal on the immunity defense in the D.C. Circuit and instead have it be resolved on an expedited basis directly by the U.S. Supreme Court, *see* Exhibit 2.

Both of these new developments support Mr. Clark's Motion for a Stay Pending Appeal in this case.

***First***, Judge Chutkan rightly granted a stay pending appeal based on the Supreme Court's decisions in *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); and *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739–44 (2023). As the Court is aware, *Coinbase* is the principal (but not only) basis for Mr. Clark's argument that he is entitled to a stay of any proceedings against him in this matter pending resolution of this appeal on the issue of removal jurisdiction. Judge Chutkan granted

a stay on this same rationale: "The [*Coinbase*] Court reasoned that because 'whether the litigation may go forward in the district court is precisely what the court of appeals must decide[,] . . . it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.' *Id.* at 741 (quotations omitted)." Ex. 1 at 1.

The same logic applies here. The issue in both Mr. Clark's appeal here and in the related appeal taken by former White House Chief of Staff Mark Meadows is precisely "whether the litigation may go forward in the district court" (depending here on whether the case was properly removed or not). This is the same issue as in *Coinbase* where there is a dispute about whether a matter should be resolved via an arbitration process or in federal district court.

***Second***, the petition for certiorari before judgment filed by Special Counsel Smith similarly acknowledges the applicability of *Coinbase* and *Griggs* to President Trump's appeal of the denial of his motion to dismiss on presidential immunity grounds. President Trump also sought a stay pending appeal based on the *Griggs* principle (which is the main Supreme Court case on which *Coinbase* builds). According to Special Counsel Smith: "The district court presiding over this case rejected respondent's constitutional arguments and has scheduled trial for March 4, 2024. Respondent's notice of appeal, however, suspends trial proceedings, see *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam), and

respondent has moved for a stay of all proceedings in the district court while his appeal is pending, *see* D. Ct. Doc. 178 (Dec. 7, 2023)."

Hence, the official position of the U.S. Justice Department is that when appeals concern "whether the litigation may go forward in the district court," *Coinbase*, 599 U.S. at 741, an automatic stay applies. There is no reason why Mr. Clark **and** Mr. Meadows should not be entitled to the benefit here of *Griggs*, *Coinbase*, and application of the correct U.S. Justice Department reading of those cases as applied in stay-pending-appeal matters. Nothing in *Griggs* or *Coinbase* limits the doctrine to situations involving the President as a litigant while denying it to Mr. Clark (a former high-ranking Justice Department official) or to Mr. Meadows (President Trump's former White House Chief of Staff).

***Third***, Fulton County's opposition to Mr. Clark's Motion for Stay Pending Appeal makes two deeply flawed arguments that these new authorities soundly rebut:

**(1)** According to Fulton County, *Coinbase* cannot overcome the need to meet the traditional four-factor discretionary test for granting stays pending appeal. *See* Eleventh Circuit Dkt. # 8 at 11 (citing *Nken v. Holder*, 556 US. 418, 426 (2009)). But *Nken* was not seen by Judge Chutkan as a barrier to granting a stay. *See generally* Ex. 1 (not even mentioning *Nken*). Nor did Special Counsel Smith try to argue from *Nken* to the Supreme Court that

the March 4, 2024 trial date Mr. Smith had secured against President Trump could still go forward despite the President's appeal on the issue of presidential immunity. *See generally* Ex. 2. Just as *Nken* and its discretionary test was irrelevant to a *Coinbase/Griggs* stay in President Trump's case, so it is irrelevant here.

For this reason as well, the District Attorney's attempt to maintain that the Fifth Circuit somehow held that *Nken* trumps *Coinbase* must be rejected. *See Plaquemines Par. v. Chevron United States, Inc.*, No. 23-30291, 2023 U.S. App. LEXIS 27249, at *23-24 (5th Cir. Oct. 11, 2023). *See also* Eleventh Circuit Dkt. # 8 at 13 (where Fulton County is trying to fashion argument from *Plaquemines Parish* that *Nken* irreparable harm analysis somehow still controls over *Coinbase* automatic stays in a *Coinbase* situation). Worse yet for the District Attorney, *Plaquemines Parish* did not address and reject an argument for an automatic stay under *Coinbase*; it only refused a stay requested under *Nken*. The Fifth Circuit cited to *Coinbase* but for irrelevant propositions about the irreparable harm factor of *Nken* analysis, not as to any proposition relevant to the application of an automatic stay. *Plaquemines Parish* is irrelevant here.

**(2)** Fulton County also claims: "Clark does not direct this Court's attention to any court's application of the *Coinbase* reasoning in any area outside the

interlocutory appeal for denial of motions to compel arbitration authorized by 9 U.S.C. § 16(a); there **is** no such authority." Eleventh Circuit Dkt. # 16-2 at 12 (emphasis in original). This is incorrect, as Exhibits 1 and 2 show as drawn from President Trump's defense of himself in the Special Counsel's prosecution of him in the U.S. District Court for the District of Columbia. As Judge Chutkan recognized: "[T]he [*Coinbase*] Court analogized its holding to similar decisions in the context of appeals ***involving immunity and <u>double jeopardy</u>***." (Emphasis added). Ex. 1 at 1. *See also Coinbase*, 599 U.S. at 742 & n.4 ("In the Circuits that have considered the issue ***in the analogous contexts of qualified immunity <u>and</u> <u>double jeopardy</u>***, moreover, district courts likewise must automatically stay their proceedings while the interlocutory appeal is ongoing." (Emphasis added)). In this way, Judge Chutkan makes clear that there is no blanket rule that *Coinbase* does not apply in the criminal setting. Her analysis is correct and should be adopted by the Eleventh Circuit.

Also, in a fashion entirely consistent with Exhibits 1 and 2, and as Mr. Clark noted in his stay briefing, *Coinbase* sets out a general principle that becomes inapplicable only when it is turned off by an explicit statutory non-stay rule concerning appeals. *See* Eleventh Circuit Dkt. # 16-2 at 2-9. And here, Fulton County has pointed to the existence of no such explicit

and relevant non-stay rule concerning appeals in federal statutory law or rules. As such, the default principles of *Griggs* and *Coinbase* fully apply.

Both types of Fulton County's arguments to try to dodge *Coinbase* fail and the applicability of *Coinbase*'s automatic stay here should be recognized without further delay.

**Fourth**, Judge Chutkan did rule that she was not entirely divested of jurisdiction. She was particularly keen on arguing that she could maintain the gag order she had imposed on President Trump (and certain other matters)—an issue this Court is no doubt aware of by virtue of intensive press coverage of that issue:

> [T]he court does not understand the required stay of further proceedings to divest it of jurisdiction to enforce the measures it has already imposed to safeguard the integrity of these proceedings, including: Defendant's conditions of release, ECF No. 13; the protective orders governing discovery materials, ECF No. 28, 37; the restrictions on extrajudicial statements, ECF No. 105, as modified by the D.C. Circuit's decision in *United States v. Trump*, No. 23-3190, 2023 WL 8517991, at *28 (D.C. Cir. Dec. 8, 2023); and protective jury procedures, ECF No.130.

Ex. 1 at 2.

We do not agree with Judge Chutkan's attempt to limit the scope of *Coinbase*, but little turns on this here at this time, since she recognized that she would have to stay "requiring additional discovery or briefing," as those sorts of deadlines "advance the case towards trial or impose burdens of litigation on Defendant beyond those he already carries." *Id.* at 3. And that set of points is the main thing we seek as

relief in the Motion for Stay Pending Appeal. By contrast, Mr. Clark is content to abide by his Fulton County Superior Court conditions of release and a protective order imposed on discovery handed over to him by the District Attorney. But we believe this Court should rule on the pending Motion for Stay Pending Appeal so as to clarify that until this appeal is resolved (and indeed through the time that the Supreme Court resolves further judicial review or denies certiorari, if that becomes necessary), the Fulton County Superior Court should not be "advance[ing] the case towards trial or impos[ing] burdens of litigation on Defendant ...." Ex. 2 at 3.

## CONCLUSION

This Motion to Supplement the Motion for Stay Pending Appeal with New Exhibits should be granted. The Motion for Stay Pending Appeal should also be granted. And this Court should recognize the applicability of *Coinbase* and enter the stay pending appeal as soon as possible in a written order. It should neither refer these motions to the merits panel, nor should it deny application of *Coinbase* to this case without a written rationale set out in its order. To take steps of that nature would be **(1)** to deny Mr. Clark his right to be free of trial proceedings pending this appeal or **(2)** to frustrate his ability to seek en banc and/or Supreme Court review of the important matter of the intersection of *Griggs/Coinbase* with federal officer removals.

Respectfully submitted, this 14th day of December, 2023.

**CALDWELL, CARLSON,**
**ELLIOTT & DELOACH, LLP**

/s/ Harry W. MacDougald
Harry W. MacDougald
Ga. Bar No. 463076
Two Ravinia Drive
Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com

**BERNARD & JOHNSON, LLC**

/s/ Catherine S. Bernard
Catherine S. Bernard
Ga. Bar No. 505124
5 Dunwoody Park, Suite 100
Atlanta, Georgia 30338
Direct phone: 404.432.8410
catherine@justice.law

Attorneys for Jeffrey B. Clark

# CERTIFICATE OF COMPLIANCE

I certify under Fed. R. App. P. 5(c)(1) that filing contains 1,703 words, excluding those parts exempted under Fed. R. App. P. 32(f). I further that certify this brief complies with type-volume limitations under Fed. R. App. P. 32(g) as it is written in proportionally-spaced, 14-point Times New Roman font using Microsoft Office Word.

This 14th day of December, 2023.

> */s/ Harry W. MacDougald*
> Georgia Bar No. 463076
> Attorney for Jeffrey B. Clark

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

I certify that a copy of the foregoing **Motion to Supplement the Motion for Stay Pending Appeal with New Exhibits** was hereby filed on this 14th day of December 2023 with the Court's electronic filing system which causes service to be made upon all counsel of record.

This 14th day of December, 2023.

/s/ Harry W. MacDougald
Georgia Bar No. 463076
Attorney for Jeffrey B. Clark

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com