# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13368

_____

STATE OF GEORGIA,

                                                                      Plaintiff-Appellee,

*versus*

JEFFREY BOSSERT CLARK,

                                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03721-SCJ

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

2                            Order of the Court                          23-13368

BY THE COURT:

Defendant-Appellant Jeffrey Bossert Clark's "Motion for Additional Words in Reply Brief in Support of Motion for Stay Pending Appeal" is **GRANTED**. The Clerk's Office is directed to process the "Reply in Support of Motion for Stay Pending Appeal" attached as Exhibit 1 to Clark's motion for additional words.

Clark's "Motion for Stay Pending Appeal" is **DENIED**, as he is not entitled to either an automatic or discretionary stay. First, Clark is not entitled to an automatic stay under either *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), or *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532 (2021). *Coinbase* was limited to arbitration proceedings, which are not at issue here. *See* 599 U.S. at 740 ("The sole question before this Court is whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing."); *id.* at 761 (Jackson, J., dissenting). And the *Griggs* "background principle" animating *Coinbase* does not support a stay of Clark's state criminal case. *See id.* at 740 (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). If the *Griggs* principle applied, Clark could perhaps stay his *district* court proceedings—but instead, he seeks a stay of his *state* court prosecution. Neither *Griggs* nor *Coinbase* contemplates this result.

*BP* is also inapposite. It did not turn on the automatic nature of a stay under the federal-officer removal statute. Rather, *BP* concerned federal appellate courts' ability to review the entire remand order when a civil defendant unsuccessfully sought removal under both the federal-officer removal statute and other removal statutes.

23-13368              Order of the Court                     3

*See BP*, 141 S. Ct. at 1537. Clark's stay motion does not implicate that issue.

Nor is Clark entitled to a stay based on the Special Purpose Grand Jury ("SPGJ") proceedings. The federal officer removal statute defines a "civil action" to "include any proceeding (whether or not ancillary to another proceeding)." 28 U.S.C. § 1442(d)(1) Clark's criminal prosecution is not "ancillary" to the SPGJ proceedings such that the automatic stay for civil proceedings would apply. *See* 28 U.S.C. § 1446(d). As Clark acknowledges, the SPGJ cannot issue criminal indictments. *See Kenerly v. State*, 715 S.E.2d 688, 689 (Ga. Ct. App. 2011). The SPGJ proceedings ended when the investigation ended. The Fulton County District Attorney then impaneled a distinct grand jury—one that had the power to issue criminal indictments—and that grand jury returned the indictment against Mr. Clark. So, the proceedings are not "ancillary" to one another, and Clark cannot rely on the SPGJ proceedings to obtain an automatic stay.

Clark also has not made the requisite showing that would entitle him to a discretionary stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Former federal officers may not invoke the federal-officer removal statute, 28 U.S.C. § 1442(a)(1). *Georgia v. Meadows*, No. 23-12958, at 10 (11th Cir. 2023). So Clark cannot show any chance of success on the merits. Without even a chance of success on the merits, there can be no basis for granting a stay. We therefore deny his motion.