No. 23-13368

# UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

———————

The State of Georgia,

*Plaintiff-Appellee*,

v.

Jeffrey B. Clark,

*Defendant-Appellant*.

———————

On Appeal from the United States District Court for the Northern District of Georgia,

No. 23-cv-03721-SCJ

———————

# PETITION FOR HEARING EN BANC
———————

| | |
|---|---|
| Harry W. MacDougald<br>CALDWELL, CARLSON, ELLIOTT<br>& DELOACH, LLP<br>Two Ravinia Drive, Suite 1600<br>Atlanta, GA 30346<br>Georgia Bar No. 463076<br>(404) 843-1956<br>hmacdougald@ccedlaw.com | Catherine S. Bernard<br>BERNARD & JOHNSON, LLC<br>5 Dunwoody Park, Suite 100<br>Atlanta, Georgia 30338<br>Georgia Bar No. 505124<br>Direct phone: 404.432.8410<br>catherine@justice.law |

*Counsel for Defendant-Appellant*
*Jeffrey B. Clark*

January 18, 2024

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

To the best of Appellant's knowledge, no associations of persons, partnerships, or corporations have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock.

The following is a list, in alphabetical order, of all trial judges, attorneys, law firms, and persons with an interest in this appeal by virtue of their appearance in the underlying criminal matter in Fulton Superior Court:

1. Alksne, Cynthia, *amicus* below
2. Anulewicz, Christopher Scott, attorney for Robert David Cheeley
3. Arora, Manubir, attorney for Kenneth John Chesebro
4. Aul, Francis, attorney for Mark R. Meadows
5. Ayer, Donald B., *amicus* below
6. Barron, Lynsey M., attorney for Scott Graham Hall
7. Beckermann, Wayne R., attorney for Robert David Cheeley
8. Bernard, Catherine S., attorney for Defendant Jeffrey B. Clark
9. Bever, Thomas Dean, attorney for Shawn Micah Tresher Still
10. Bittman, Robert, attorney for Mark R. Meadows
11. Bondurant Mixson & Elmore LLP
12. Carr, Christopher M., Attorney General of the State of Georgia

13. Cheeley, Robert David, Defendant in Georgia v. Trump

14. Chemerinsky, Erwin, *amicus* below

15. Chesebro, Kenneth John, Defendant in Georgia v. Trump

16. Christenson, David Andrew, *pro se*, denied intervention below

17. Clark, Jeffrey Bossert, Defendant in Georgia v. Trump

18. Cohen, Darryl B., attorney for Trevian C. Kutti

19. Copeland, Amy, *amicus* below

20. Cromwell, William Grant, attorney for Cathleen Alston Latham

21. Cross, Anna Green, Fulton County District Attorney's Office

22. Cross Kincaid LLC

23. Durham, James D., attorney for Mark R. Meadows in Georgia v. Trump

24. Eastman, John Charles, Defendant in Georgia v. Trump

25. Ellis, Jenna Lynn, Defendant in Georgia v. Trump

26. Englert, Joseph Matthew, attorney for Mark R. Meadows

27. Farmer, John J. Jr., *amicus* below

28. Floyd, Harrison William Prescott, Defendant in Georgia v. Trump

29. Floyd, John Earl, Fulton County District Attorney's Office

30. Francisco, Michael Lee, attorney for Mark R. Meadows

31. Fried, Charles A., *amicus* below

32. Fulton County District Attorney's Office

33. Gerson, Stuart M., *amicus* below

34. Gillen, Craig A., attorney for David James Shafer

35. Giuliani, Rudolph William Louis, Defendant in Georgia v. Trump

36. Griffin Durham Tanner & Clarkson LLC

37. Grohovsky, Julie, *amicus* below

38. Grubman, Scott R., attorney for Kenneth John Chesebro

39. Hall, Scott Graham, Defendant in Georgia v. Trump

40. Hampton, Misty (a/k/a Emily Misty Hayes), Defendant in Georgia v. Trump

41. Harding, Todd A., attorney for Harrison William Prescott Floyd

42. Hogue, Franklin James, attorney for Jenna Lynn Ellis

43. Hogue, Laura Diane, attorney for Jenna Lynn Ellis

44. Jody Hunt, attorney at Samford University, former attorney for Cassidy Hutchinson

45. Jones, Steve C., U.S. District Court Judge for the Northern District of Georgia

46. Kammer, Brian S., attorney for *amici* below

47. Kelley, Emily E., attorney for Mark R. Meadows

48. Kutti, Trevian C., Defendant in Georgia v. Trump

49. Lake, Anthony C., attorney for David James Shafer

50. Latham, Cathleen Alston, Defendant in Georgia v. Trump

51. Lee, Stephen Cliffgard, Defendant in Georgia v. Trump

52. Little, Jennifer L., attorney for Donald J. Trump

53. Luttig, J. Michael, *amicus* below

54. MacDougald, Harry W., attorney for Jeffrey B. Clark
55. McAfee, Scott, Fulton County Superior Court Judge
56. McFerren, William Coleman, attorney for Shawn Micah Tresher Still
57. McGuireWoods, LLP
58. Meyer, Joseph Michael, attorney for *amici* below
59. Moran, John S., attorney for Mark R. Meadows
60. Morgan, John Thomas III, attorney for *amici* below
61. Morris, Bruce H., attorney for Ray Stallings Smith, III
62. Ney, Adam, Fulton County District Attorney's Office
63. Novay, Kristen Wright, attorney for Ray Stallings Smith, III
64. Palmer, Amanda, attorney for Ray Stallings Smith, III
65. Parker, Wilmer, attorney for John Charles Eastman
66. Pierson, Holly Anne, attorney for David James Shafer
67. Powell, Sidney Katherine, Defendant in Georgia v. Trump
68. Rafferty, Brian T., attorney for Sidney Katherine Powell
69. Ragas, Arnold M., attorney for Harrison William Prescott Floyd
70. Raul, Alan Charles, *amicus* below
71. Rice, Richard A., Jr., attorney for Robert David Cheeley
72. Roman, Michael A., Defendant in Georgia v. Trump
73. Rood, Grant H., Fulton County District Attorney's Office
74. Sadow, Steven H., attorney for Donald J. Trump

75. Saldana, Sarah R., *amicus* below

76. Samuel, Donald Franklin, attorney for Ray Stallings Smith, III

77. Shafer, David James, Defendant in Georgia v. Trump

78. Smith, Ray Stallings, III, Defendant in Georgia v. Trump

79. Still, Shawn Micah Tresher, Defendant in Georgia v. Trump

80. Terwilliger, George J., III, attorney for Mark R. Meadows

81. Trump, Donald J., Defendant in Georgia v. Trump

82. Twardy, Stanley A. Jr., *amicus* below

83. Volchok, Daniel, attorney for *amici* below

84. Wade, Nathan J., Fulton County District Attorney's Office

85. Wade, Joycelyn

86. Wade & Campbell Firm

87. Wakeford, Francis McDonald IV, Fulton County District Attorney's Office

88. Waxman, Seth P., attorney for *amici* below

89. Weld, William F., *amicus* below

90. Wertheimer, Fred, attorney for *amici* below

91. Willis, Fani T., Fulton County District Attorney's Office

92. Wilmer Cutler Pickering Hale and Dorr LLP

93. Wooten, John William, Fulton County District Attorney's Office

94. Wu, Shan, *amicus* below

95. Young, Daysha D'Anya, Fulton County District Attorney's Office

January 18, 2024

/s/ Harry W. MacDougald  
Harry W. MacDougald

# RULE 35(C) STATEMENT SUPPORTING HEARING EN BANC IN THE FIRST INSTANCE

I express a belief, based on a reasoned and studied professional judgment, that the panel decision in *State of Georgia v. Meadows,* 88 F.4th 1331 (11th Cir. 2023), is contrary to the following decisions of the Supreme Court of the United States or the precedents of this circuit and that consideration by the full court in the first instance pursuant to Federal Rule of Appellate Procedure 35(c) is necessary to secure and maintain uniformity of decisions in this court: *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007); *Jefferson County v. Acker*, 527 U.S. 423 (1999); *Mesa v. California*, 489 U.S. 121 (1989); *Willingham v. Morgan*, 395 U.S. 402 (1969); *Tennessee v. Davis*, 100 U.S. 257 (1879); *Mayor of Nashville v. Cooper*, 73 U.S. (6 Wall.) 247 (1867); *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135 (11th Cir. 2017).

I further express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance:

1. Whether the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), categorically excludes former officers.

2. Whether a state prosecution of an Assistant Attorney General of the United States running two of the U.S. Justice Department's seven litigating Divisions "relat[es] to any act under color of" the Assistant Attorney General's "office" when the charged conduct of that Senate-confirmed official consisted of

advising the President of the United States.

January 18, 2024

/s/ *Harry W. MacDougald*
Harry W. MacDougald

## TABLE OF CONTENTS

Certificate Of Interested Persons And Corporate Disclosure Statement ................. ii

Rule 35(c) Statement Supporting Hearing en banc in the First Instance ............. viii

Table Of Contents ............................................................................................... x

Table of Authorities ............................................................................................ xi

Introduction ........................................................................................................ 1

Certificate of Service .......................................................................................... 6

Certificate Of Compliance .................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135 (11th Cir. 2017) ...................... viii, 2

*Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150 (5th Cir. 1965) .................... 3

*Georgia v. Heinze*, 637 F. Supp. 3d 1316 (N.D. Ga. 2022) ....................................... 4

*IMFC Professional Servs. of Fla., Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152 (5th Cir. Unit B 1982) ........................................................................... 3

*Jefferson County v. Acker*, 527 U.S. 423 (1999) ............................................... viii

*Maseda v. Honda Motor Co.*, 861 F.2d 1248 (11th Cir. 1988) .................................. 4

*Mayor of Nashville v. Cooper*, 73 U.S. (6 Wall.) 247 (1867) ................................ viii

*Meadows* ................................................................................................................ 2

*Mesa v. California*, 489 U.S. 121 (1989) ............................................................... viii

*New York v. Trump*, No. 23 CIV. 3773 (AKH), 2023 WL 4614689 (S.D.N.Y. July 19, 2023) .................................................................................................................. 1

*Tennessee v. Davis*, 100 U.S. 257 (1879) ............................................................. viii

*Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007) ............................................. viii

*Willingham v. Morgan*, 395 U.S. 402 (1969) ......................................................... viii

**Statutes**

28 U.S.C. § 1331 ........................................................................................................ 3

28 U.S.C. § 1441 ........................................................................................................ 3

28 U.S.C. § 1442 ........................................................................................... viii, 1, 4

28 U.S.C. § 1442(a)(1) ....................................................................................... viii, 3

**Other Authorities**

Thomas E. Baker, *A Primer on Precedent in the Eleventh Circuit*, 34 MERCER L. REV. 1175(1983) .............................................................................................. 4

**Treatises**

Federal Rule of Appellate Procedure 35(c) ...................................................... viii, 2, 3

# INTRODUCTION

This case is related to *State of Georgia v. Meadows*, 88 F.4th 1331 (11th Cir. 2023). Both are federal officer removals from a state criminal prosecution in Fulton County in which both Mr. Meadows and the Appellant, Jeffrey B. Clark, are co-defendants, who each separately removed to the Northern District of Georgia in their capacity as federal officers. The trial court remanded both cases and the related removals filed by certain Republican presidential electors who were also charged in the same case.

The panel in *Meadows* held that the federal officer removal statute, 28 U.S.C. § 1442(a), categorically did not apply to former federal officers. The panel was the first court to ever so hold in the entire legal history of federal officer removals, going back 190 years, according to the panel. To reach that result, it adopted a line of analysis no other court had ever even considered. Only one District Court in New York has considered the former officer question at all, rejecting it out of hand as making "little sense." *New York v. Trump*, No. 23 CIV. 3773 (AKH), 2023 WL 4614689, at *5 (S.D.N.Y. July 19, 2023).

Mr. Meadows has petitioned for rehearing en banc of this eye-popping decision. *See State of Georgia v. Meadows*, Case No 23-12958, Doc. No. 84.

1

Mr. Clark's appeal to this Court came along after Mr. Meadows' appeal. The panel opinion was released just before Mr. Clark's opening brief was originally due. Given the obvious import of the panel opinion, we asked for and were granted a clerk's 30-day extension to file our opening brief. Having read and considered the panel opinion in *Meadows*, we now seek initial en banc hearing of this appeal in the first instance.

The panel assigned to this case may view itself as bound by the *Meadows* precedent, absent some form of rehearing being granted there, or absent an initial grant of en banc review in this case pursuant to Federal Rule of Appellate Procedure 35(c), or both. However, the panel assigned to this case could just as likely conclude that the *Meadows* panel erred in failing to follow *Caver v. Central Alabama Electric Cooperative*, 845 F.3d 1135, 1142 (11th Cir. 2017) ("The first question for federal officer removal is whether CAEC ***was*** a person "acting under" a federal officer ***when*** it took the actions complained of in this case." (Emphasis added). The *Caver* opinion was binding on the *Meadows* panel but was not followed.

In addition to the arguments set forth in our concurrently filed opening brief regarding the panel decision in *Meadows*, which are incorporated herein by reference, initial en banc hearing should also be granted as to the arguments so ably presented in Mr. Meadows' petition for rehearing, which are also incorporated by reference.

2

Not knowing how the Court will wish to proceed, and out of an abundance of caution, we have filed both our opening brief and this Rule 35(c) request for initial hearing en banc. If the Court grants Mr. Meadows' petition for rehearing en banc, it may wish—even if just for the sake of efficiency—to hear Mr. Clark's appeal en banc at the same time.

We also believe that Mr. Clark's grounds for removal are stronger than those Mr. Meadows advanced because there is no allegation that Mr. Clark's activities in the Executive Branch crossed the line into campaign activity. Additionally, Mr. Clark has raised a ground for removal based on 28 U.S.C. §§ 1331, 1441, and the doctrine of complete preemption that Mr. Meadows did not raise.

Moreover, given that successful removal by even just one of the defendants in the indictment removes the entire case under this Court's precedent, there are strong merits reasons to consider this initial en banc hearing petition and Mr. Meadows en banc rehearing petition together at the same time. *See IMFC Professional Servs. of Fla., Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. Unit B 1982) ("Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency. *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965).").[1] *IMFC Professional's*

---

[1] Unit B of the Fifth Circuit was comprised of the States Alabama, Florida, and Georgia and became the Eleventh Circuit, so *IMFC Professional Services of Florida*

3

continuing applicability was specifically reaffirmed and applied in *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1251 (11th Cir. 1988); *see also Georgia v. Heinze*, 637 F. Supp. 3d 1316, 1325 n.8 (N.D. Ga. 2022); ("It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims.").

Alternatively, if the Court grants Mr. Meadows' petition for rehearing en banc, but denies initial hearing en banc to Mr. Clark, the panel for this case may wish to hold its decision in Mr. Clark's case pending the en banc decision in Mr. Meadows' case.

Respectfully submitted, this 18 day of January, 20244.

| **CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP** | **BERNARD & JOHNSON, LLC** |
|---|---|
| /s/ Harry W. MacDougald<br>Harry W. MacDougald<br>Ga. Bar No. 463076<br>Two Ravinia Drive<br>Suite 1600<br>Atlanta, GA 30346<br>(404) 843-1956<br>hmacdougald@ccedlaw.com | /s/ Catherine S. Bernard<br>Catherine S. Bernard<br>Ga. Bar No. 505124<br>5 Dunwoody Park, Suite 100<br>Atlanta, Georgia 30338<br>Direct phone: 404.432.8410<br>catherine@justice.law |

*Attorneys for Jeffrey B. Clark*

---

is binding precedent. *See* Thomas E. Baker, *A Primer on Precedent in the Eleventh Circuit*, 34 MERCER L. REV. 1175, 1179 (1983).

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was hereby filed on this 18 day of January 2024 with the Court's electronic filing system which causes service to be made upon all counsel of record.

This 18 day of January, 20244.

                                       /s/ Harry W. MacDougald
                                       Georgia Bar No. 463076
                                       Attorney for Defendant-Appellant

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with Fed. R. App. P. 32(a)(7)(B) because it contains 860 words, excluding the portions of the brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), according to the count of Microsoft Word.

I certify that this brief complies with the typeface and type-style requirements of Fed. R. App. P. Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced 14-point font, Times New Roman.

*/s/ Harry W. MacDougald*
Harry W. MacDougald
Caldwell, Carlson,
  Elliott & DeLoach LLP
Suite 1600 Atlanta
Two Ravinia Drive
Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com